# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SHELLY FENDER,                       Case No. 1:11-cv-412

       Plaintiff,                          Spiegel, J.
   v.                                      Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Shelly Fender filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. §405(g). In response to the complaint, Defendant filed a motion to dismiss, arguing that the appeal is untimely (Doc. 6). Pursuant to local practice, this case has been referred to the undersigned for initial consideration and a report and recommendation. For the reasons that follow, I now recommend that Defendant's motion be granted.

### I. Summary of Administrative Record

On September 28, 2009, an administrative law judge denied Plaintiff's application for Supplemental Security Income (SSI) benefits. On November 30, 2010, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, leaving the ALJ's written decision as the Commissioner's final determination. By letter dated January 28, 2010, Plaintiff requested that the Appeals Council re-open Plaintiff's appeal of the ALJ's decision, and that the Council also grant Plaintiff an extension of the 60-day statutory time limit for filing a federal complaint to seek further judicial review of the Commissioner's decision.

(Doc. 7-3). On May 19, 2011, the Appeals Council denied further review by that body, but granted Plaintiff's request for an extension of time in which to file a federal court appeal. The Appeals Council granted Plaintiff an additional 30 days in which to file a complaint to pursue an appeal in federal court. It is undisputed that Plaintiff's counsel received the letter extension on May 24, 2011. Thus, the last day in which Plaintiff could have filed a timely federal complaint was June 23, 2011. Plaintiff did not initiate suit in this Court until June 24, 2011, when she tendered her complaint together with a motion for leave to proceed *in forma pauperis*. (Doc. 1).

Plaintiff's request to proceed without payment of fees was granted, and her complaint was docketed and filed on June 27, 2011. (Doc. 3). Thereafter, summons was issued and returned as executed on August 1, 2011. (Doc. 5). Based upon the date of service, the Defendant was required to file an answer or responsive pleading not later than Friday, September 30, 2011. Defendant filed nothing until Monday, October 3, 2011, when the Commissioner filed a motion to dismiss Plaintiff's complaint as barred by the statutory limitations period.

**II. Analysis**

**A. The Statutory Limitations Period**

Section 205(g) of the Social Security Act, 42 U.S.C. §405(g), provides the exclusive jurisdictional basis for judicial review of cases arising under the Social Security Act.

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow*.

2

*Id.* (Italics added).

Section 405(h) additionally provides:

No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

*Id.* Thus, pursuant to 42 U.S.C. § 405(h), Congress has made it abundantly clear that §405(g) provides the only basis for judicial review of the Commissioner's decisions.

The limitations period provided in section 205(g) serves to "move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The time period of sixty days "after...mailing" is calculated from the date that an individual (or his or her attorney) receives a copy of the notice of the Appeals Council's denial of the request for review, a date presumed to be five days after the date listed on the notice. *See* 20 C.F.R. §422.210(c). In this case, there is no dispute that the denial of the request to reopen review by the Appeals Council and simultaneous extension of time to file a federal appeal was mailed on May 19, 2011, and received by Plaintiff's lawyer on Tuesday, May 24, 2011.

The math is unyielding in this case. The thirty-day extension of time granted by the Appeals Council expired on Thursday, June 23, 2011. Plaintiff's initiation of this lawsuit on June 24, 2011 was one day too late. Therefore, Defendant seeks dismissal pursuant to Rule 12(b)(6) for failure to state a claim, since no claim for judicial appellate review is cognizable under the Social Security Act beyond the statutory limitations period.

## B. The Timing of Defendant's Rule 12(b)(6) Motion

Seeking some way around the limitations bar, Plaintiff first argues that the Commissioner should be deemed to have waived this affirmative defense[1] in light of the Defendant's own failure to timely file an answer or otherwise plead. Based on the date of service, Defendant's answer was due on Friday, September 30. However, like the Plaintiff herself, Defendant was one business day late, filing the motion to dismiss in lieu of an answer on Monday, October 3, 2011.

Turnabout is not fair play under the circumstances presented. The statute of limitations in social security cases has long been strictly construed, whereas motions to extend time to answer are routinely granted.

Ordinarily, the penalty for failing to timely file an answer is the entry of first, default, and ultimately, default judgment. In this case, Plaintiff never moved for the entry of default under Rule 55(a), and no entry of default was ever entered by the Clerk based upon the Defendant's failure to plead or otherwise defend. Even if Plaintiff had seized the day and moved for entry of default in record time, Plaintiff's motion would have been denied. When the allegedly defaulting party is the United States, no judgment may be entered unless "the claimant establishes a claim or right to relief by evidence that satisfies the court." Rule 55(d), Fed. R. Civ. P.

To the extent Defendant's responsive pleading was technically filed one day late,

---

[1] Although the Sixth Circuit referred to the limitations period as a non-waivable jurisdictional bar in *Biron v. Harris,* 668 F.2d 259, 261 (6th Cir. 1982), the Supreme Court has characterized the 60-day period as akin to a statute of limitations which can be waived. *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1979); *accord Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976). More recent Sixth Circuit case law acknowledges that the defense is waivable. *See Willis v. Sullivan*, 931 F.2d 390, 396 (6th Cir. 1991).

4

a motion for leave to file *instantur* assuredly would have been granted. This Court, like most, routinely grants such motions where there is no prejudice to the Plaintiff from the tardy filing, and a meritorious defense is presented. For the same reasons, even if Plaintiff had somehow been able to obtain an entry of default, it would have been quickly set aside. *See* Fed. R. Civ. P. 55(c); *Poe v. Mathews*, 572 F.2d 137 (6th Cir. 1978)(default entry against government in social security case for failure to file an answer was improper, because the claimant did not establish right to relief); *see also Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990)(*per curiam*). Although the Court has not located any case precisely on point, in an analogous case the Sixth Circuit held that a governmental entity did not waive an affirmative defense based upon the filing of a late answer. *See, e.g., Swart v. Pitcher*, 9 F.3d 109, 1993 WL 406802 (6th Cir.1993)(Table)(no waiver of defense of qualified immunity).

### C. Equitable Tolling Unavailable

As a second basis for relief from the undeniably harsh result in this case, Plaintiff pleads for equitable tolling. The Sixth Circuit has suggested that courts review five factors to determine whether equitable tolling is appropriate: "(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007)(quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). All factors are not relevant in all cases; for example, the absence of prejudice to the

respondent generally may be considered only when other factors of the test are met. *Dunlap*, 250 F.3d at1008.

In *Cook* as in this case, a social security claimant attempted to file her appeal for judicial review one day late. The Sixth Circuit explained that the lack of prejudice to the Commissioner was not persuasive. "Although allowing Cook to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system...In the end, this case is a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits." *Id.* at 437.

In this case as in *Cook*, Plaintiff cannot deny actual or constructive notice of the limitations period, given counsel's acknowledged receipt of the notice letter extending her original 60-day limitations period. As a basis for applying the equitable tolling doctrine in this case, Plaintiff argues that her counsel made an "honest mistake" in incorrectly calculating the thirty-day extension as expiring on June 24, 2011, rather than the correct date of June 23, 2011. Plaintiff admits that "it was less than ideal to wait until the final day calculated to file the complaint in Ms. Fender's claim," (Doc. 7 at 5), but suggests that the mathematical error may be attributable in part to the stress and chaos of a move in the law firm's physical office space on May 20, 2011, causing some disruption in the processing of interoffice mail. Plaintiff also cites counsel's workload issues, caused by "balancing work in a large number of cases." (Doc. 7 at 6).

No less an authority than the United States Supreme Court has held that such errors

6

do not justify the application of equitable tolling. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007)(confusion and counsel error in calculating the limitations period falls "far short of showing extraordinary circumstances necessary to support equitable tolling"); *see also Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003)(collecting cases, and holding that "a lawyer's mistake is not a valid basis for equitable tolling."); *Wilson v. Battles*, 302 F.3d 745 (7th Cir. 2002)(same).

Plaintiff maintains that, aside from this one-day mistake in filing her federal appeal, she has diligently pursued her claim for benefits throughout the administrative process. Last but not least, Plaintiff contends that she has a meritorious claim.

The Court is not without sympathy for the Plaintiff in this case, who must face the harsh consequence of the dismissal of her claim without judicial review of its merits. However, extending the statute of limitations even by one day is not appropriate absent a strong showing of a basis for equitable tolling. Otherwise, a statute of limitations intended to be strictly construed would have little meaning. *See Johnson v. U.S. Postal Service*, 863 F.2d 48, 1988 WL 122962 (6th Cir. Nov. 16, 1988)("If courts were to toll the [twenty-day] limitation period whenever a plaintiff was one day late, the effect would be to create a twenty-one-day limitation period. Of course, a plaintiff who filed...on the twenty-second day could then argue that the doctrine of equitable tolling applied to her....The line must be drawn somewhere....)*; see also Dowty v. Pioneer Rural Elec. Coop.,* 573 F. Supp. 155 (S.D. Ohio 1983)(dismissing suit filed one day late because "the law must draw lines somewhere.")*.*

The hard truth is that social security cases barred by the statute of limitations are

7

routinely dismissed without review of the merits, as that is the purpose of the limitations period. *See generally, Herman v. Astrue*, 2010 WL 5504667 (S.D. Ohio Dec. 13, 2010)(R&R dismissing suit filed outside of 30-day extension by Appeals Council), adopted at 2011 WL 17701 (S.D. Ohio Jan. 4, 2011)); *Goldsmith v. Comm'r of Soc. Sec.*, 2010 WL 2507970 (W.D. Mich. May 25, 2010)(R&R recommending dismissal based on untimely filing, collecting cases involving strict construction in Social Security appeals), adopted at 2010 WL 2507842 (W.D. Mich., June 17, 2010)); *Frappier v. Astrue*, 2010 WL 1836792 (W.D. Wis., May 6, 2010)(*pro se* social security Plaintiff not entitled to equitable tolling in light of failure to explain why he did not attempt to file until almost the end of the 65-day period); *Banks v. Astrue*, 2009 WL 2046861 *4 (W.D. Ky. July 13, 2009)(dismissing where "no reason is given why counsel waited until the 'last minute' so to speak to initiate the plaintiff's lawsuit"); *Ahmed v. Sec. of Health & Human Servs.,* 1988 WL 252059 (W.D. Mich., Oct. 24, 1988)(holding, where plaintiff changed attorneys and filed just one day late, that tolling would set dangerous precedent contrary to purpose of Social Security Act to move millions of claims through to speedy resolution).

### III. Conclusion and Recommendation

For the reasons stated, IT IS RECOMMENDED THAT Defendant's motion to dismiss (Doc. 6) be **GRANTED,** and that this case be dismissed from the active docket and closed.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SHELLY FENDER,                                                          Case No. 1:11-cv-412

       Plaintiff,                                              Spiegel, J.
v.                                                                      Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).